Filing # 109151381 E-Filed 06/19/2020 07:28:03 PM

IN THE CIRCUIT COURT FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

KEITH CROWDER

    Plaintiff,

v.

SHERIFF MIKE WILLIAMS, in his official capacity
as Sheriff of Jacksonville Sheriff's Office
and the consolidated City of Jacksonville;
and SERGE J. PAUL, an individual,

    Defendants.

_____/

Case No.:

Division:

## COMPLAINT

COME NOW the Plaintiff, KEITH CROWDER, by and through the undersigned counsel, and files this Complaint against the Defendants, SHERIFF MIKE WILLIAMS, in his official capacity as Sheriff of the Jacksonville Sheriff's Office and the Consolidated City of Jacksonville, Florida, and Officer SERGE J. PAUL, individually, and state as follows:

1.    This is an action for damages in excess of thirty thousand dollars ($30,000.00), exclusive of interest, costs, and attorneys' fees.

2.    At all times material, Plaintiff, KEITH CROWDER was and is a resident of Jacksonville, Duval County, Florida.

3.    Prior to the filing of this Complaint, Plaintiff KEITH CROWDER served notice of this claim pursuant to Florida Statute Section 768.28, via

Certified Mail Return Receipt Requested, and those claims have been denied or ignored.

4.     All conditions precedent to filing this Complaint have occurred.

5.     At all times material, the Plaintiff, KEITH CROWDER, was a resident of Jacksonville, Duval County, Florida.

6.     At all times material, Defendant SHERIFF MIKE WILLIAMS (hereinafter referred to as "WILLIAMS"), employed Defendant Officer SERGE J. PAUL in his capacity as a law enforcement officer with the Jacksonville Sheriff's Office.

7.     Defendant SHERIFF MIKE WILLIAMS, is a resident of Duval County, Florida and is *sui juris*.  At all times material, Defendant WILLIAMS was the Sheriff for Jacksonville, Duval County, Florida.   Defendant WILLIAMS is sued herein in his official capacity as the Sheriff of the Jacksonville Sheriff's Office.

8.     Defendant Serge J. Paul (hereinafter referred to as "Paul"), is believed to be a resident of Jacksonville, Duval County, Florida and is *sui juris*.   At all times material, Defendant PAUL was employed by the Jacksonville Sheriff's Office as a law enforcement officer and is sued herein in his individual capacity.

2

9.     At all times material, Defendant PAUL was acting within the scope and course of his employment with Defendant WILLIAMS, and the Jacksonville Sheriff's Office.

## GENERAL ALLEGATIONS

10.     On or about June 23, 2016 at 8:00 p.m., and for reasons unknown to Plaintiff KEITH CROWDER, Defendant PAUL conducted a traffic stop of the vehicle Plaintiff KEITH CROWDER was driving.  Defendant PAUL activated his light bar, but did not active the siren on his Jacksonville Sheriff's Office patrol vehicle.   In response, Plaintiff KEITH CROWDER stopped his vehicle at 3100 West 32nd Street, in Jacksonville, Duval County, Florida.

11.  Once his vehicle was stopped, Plaintiff KEITH CROWDER exited his vehicle with his empty hands raised above his head.

12.     As Plaintiff KEITH CROWDER exited his vehicle with his empty hands raised above his head, DEFENDANT PAUL drew his Jacksonville Sheriff's Office issued handgun from his holster and aimed it in the direction of Plaintiff KEITH CROWDER.

13.     As Defendant PAUL aimed his handgun in the direction of Plaintiff KEITH CROWDER, Mr. Crowder and other witnesses located at 3100 West 32nd Street, Jacksonville, Florida yelled, "Don't shoot."

14.     As Plaintiff KEITH CROWDER's empty hands were raised above his head, Defendant PAUL fired two shots from his Jacksonville Sheriff's

3

Office issued firearm.   The two bullets struck Plaintiff KEITH CROWDER causing significant bodily harm and permanent injuries.

15.    At no time did KEITH CROWDER possess a firearm, threaten to shoot or otherwise pose a threat to any Jacksonville Sheriff's Officer at the scene, including Defendant PAUL or any other person.

16.    After the shooting, Plaintiff KEITH CROWDER fell to the ground and was bleeding from his gunshot wounds.

17.    Plaintiff KEITH CROWDER was not issued a citation for any traffic infraction and was not charged with any violation of law or any wrongdoing in connection with the subject traffic stop and subsequent police involved shooting.

18.    Based upon information and belief, two other members of the Jacksonville Sheriff's Office were on scene at 3100 West 32nd Street, Jacksonville, Florida at the time of the subject incident.   Other than Defendant PAUL no other JSO officer drew their weapon, raised it in the direction of Plaintiff KEITH CROWDER, or shot Mr. Crowder.

19.    After Plaintiff KEITH CROWDER was shot, Jacksonville Sheriff's Office set a perimeter around 3100 West 32nd Street, Jacksonville, Florida to conduct an investigation into the shooting.   Based upon information and belief, no evidence of wrongdoing on behalf of Plaintiff KEITH CROWDER was discovered during this investigation.

4

20.    Jacksonville Sheriff's Office, through Defendant PAUL, effectively and needlessly employed excessive force to subdue Plaintiff KEITH CROWDER.

**<u>JSO CUSTOMS AND POLICIES THAT CONSTITUTE DELIBERATE INDIFFERENCE</u>**
**<u>TO THE CONSTITUTIONAL RIGHT TO BE FREE FROM EXCESSIVE USE OF FORCE</u>**

21.    Defendant PAUL's use of force is part of a longstanding practice by JSO of tolerating the use of force against individuals who are not resisting.

22.    In December 2004, a member of the Jacksonville Sheriff's Office slammed Sammy Lee Evans to the ground. Mr. Evans hit his head on the ground as he was slammed by the officer and this resulted in Mr. Evan's death. Mr. Evans was not resisting the arrest, which was for open container of alcohol.

23.    In January 2006, members of the Jacksonville Sheriff's Office broke the right jaw of Brian Barned when effectuating his arrest. The JSO members struck Barnes despite the fact that Barnes complied with all of their commands and did not resist the officers while being arrested. *See Barnes v. Sheriff Rutherford, et. al.*, Case No.: 3:08-cv-217-J-33JRK (M.D. Fla. Jacksonville Division). There was no JSO investigation of the officer's use of excessive force against Mr. Barnes until prompted by the City of Jacksonville Office of General Counsel sending a complaint to JSO in January 12, 2011. This complaint and accompanying investigation was made four years after the incident, three years after Mr. Barnes filed a

5

federal lawsuit against the officers involved and Sheriff Rutherford, and nearly two years after said lawsuit was settled. The JSO internal Affairs Unit concluded as follows relating to Mr. Barnes' incident: "that charge of EXCESSIVE FORCE against Police Lieutenant R.W. Beltz #7862 and Police Officer C.M. Weippert #7829 be classified as NOT SUSTAINED.

24.     In October 2007, two members of the Jacksonville Sheriff's Office, along with a civilian "ride along," rammed the head of Colin Runge into a steel door in the intake area of the jail. At the time, Runge was fully secured and unable to resist the officers as he was in a total appendage restraint, otherwise known as being "hog tied."

25.     In January 2008, a member of the Jacksonville Sheriff's Office broke the jaw of Larue Perkins by slamming him to the pavement of a parking lot. At the time, Perkins was complying with the officer's directive to leave the parking area. Perkins was also falsely arrested after having his jaw broken. Perkins filed a written internal affairs complaint with JSO shortly after the January 2008 incident. On January 21, 2011, almost three years after the incident, the JSO Internal Affairs Unit received an "in-house complaint" from the City of Jacksonville's Office of General Counsel regarding the January 2008 incident involving Perkins. The subject matter of the complaint was the JSO officer's excessive use of force against Perkins. The in-house complaint was then investigated by the JSO Internal

6

Affairs Unit which concluded that "the charge of Excessive Force against Police Officer R.J. Tolen #5597 be classified as NOT SUSTAINED.

26.     In September 2008, a member of the Jacksonville Sheriff's Office dragged James Lunsford out of a police vehicle while he was handcuffed and dropped Mr. Lunsford on his head, resulting in paralysis to Mr. Lunsford. The officer did so despite Lunsford's prior warning to the officer that Lunsford had four screws and a plate in his neck. *See Lunsford v. Rutherford, et.al.,* Case No.: 309-cv-01015-MMH-MCR (M.D. Fla. Jacksonville Division). Upon information and belief, the incident was referred to JSO Internal Affairs and no disciplinary action was taken against the officer involved.

27.     In May 2010, a member of the Jacksonville Sheriff's Office fractured multiple facial bones of David Kemp when the officer violently struck Mr. Kemp as he laid on the ground in compliance with the officer's commands to do so. *See Kemp v. Rutherford, et. al.,* Case No.: 3:10-cv-HES-JRK (M.D. Fla. Jacksonville Division). Despite Sheriff Rutherford's actual notice of Mr. Kemp's incident because of the federal lawsuit filed against him, Sheriff Rutherford failed to conduct an internal affairs investigation into the incident and the officer involved and failed to discipline the officers involved.

28.     In March 2012, members of the Jacksonville Sheriff's Office questioned Kyle Fowler concerning a stolen vehicle. At the beginning of

7

the questioning, Mr. Fowler was told by the JSO members that he was free to go at any time he chose. After initially agreeing to speak to the officers, Mr. Fowler turned away from the JSO officers due to the behavior of the officers and told them he was not interested in speaking anymore, and began to walk towards his gate. As he did so, the JSO officers knocked Mr. Fowler through a closed metal gate onto the ground. The JSO officers then rolled Mr. Fowler onto his stomach, drove a knee into his back, and violently pulled his arms behind him to handcuff him and effectuate his arrest, injuring Mr. Fowler in the process. The charge on which Mr. Fowler was falsely arrested, resisting an officer without violence, was ultimately dismissed. The JSO members involved were not disciplined or reprimanded for their actions against Mr. Fowler.

29.    In June 2013, a member of the Jacksonville Sheriff's Office violently slammed Robert Slade to the ground causing him to hit his head, teeth, and shoulder, after he was involved in a minor traffic accident. Mr. Slade was merely asking the officer when his insurance information would be taken following the accident when he was forcefully thrown to the ground.  Mr. Slade was falsely arrested for resisting an officer without violence in violation of §843.02, Fla. Stat. (2012). The charges against Mr. Slade were dismissed.  The JSO officer involved was not disciplined or reprimanded for his actions against Mr. Slade.

8

30.   On November 12, 2014, at the Duval County Pretrial Detention Facility, an officer of the Jacksonville Sheriff's Office violently slammed Deandre Ezell's head into a concrete wall, while Mr. Ezell was handcuffed. The use of force knocked Mr. Ezell unconscious and resulted in Mr. Ezell's hospitalization.  At the time of this incident, Mr. Ezell was a minor.  None of the officers involved in the use of force were disciplined or reprimanded.

31.   On April 4, 2017, Connel Crooms was participating in a peaceful protest at Heming Park Plaza in Jacksonville, Florida, when a counter-protestor reached his arm on the shoulder of an officer of the Jacksonville Sheriff's Office and stuck his middle finger in Mr. Croom's face. Rather than apprehend the aggressor, members of the Jacksonville Sheriff's Office threw Connell Crooms to the ground, struck him repeatedly in the back and face, and pressed a Taser to his back, all of which caused Mr. Crooms to lose consciousness and require hospitalization.  Mr. Crooms is deaf and did not resist or disobey any of the officer's commands.

### COUNT I
### CLAIM PURSUANT TO 42 U.S.C. § 1983
### MUNICIPAL LIABILITY

Plaintiff adopts and re-alleges Paragraphs 1 through 31 as if set forth fully herein, and further alleges as follows:

32.     This claim is brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff KEITH CROWDER's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

33.     At all times material, Defendant WILLIAMS was Sheriff of the Jacksonville Sheriff's Office and therefore supervisor to all law enforcement personnel employed by the Jacksonville Sheriff's Office. Defendant WILLIAMS is a person within the meaning of 42 U.S.C. § 1983.

34.     Defendant WILLIAMS as the Sheriff of the Jacksonville Sheriff's Office, is liable because of his policy and custom of encouraging, tolerating, permitting, and ratifying the use of improper and excessive force by law enforcement under his supervision of which he knew or should have known.

35.     Defendant WILLIAMS as the Sheriff of Jacksonville Sheriff's Office, has routinely ignored violations of the Fourth and Fourteenth Amendments by his subordinates, such that he has established a custom and practice within the Jacksonville Sheriff's Office.

36.     Defendant WILLIAMS, as the Sheriff of Jacksonville Sheriff's Office, evidenced deliberate indifference by failing to respond to a need for oversight and discipline in instances of Fourth and Fourteenth Amendment violations in such a manner as to encourage his subordinates to continue engaging in constitutional violations.

37.     Defendant WILLIAMS, as the Sheriff of Jacksonville Sheriff's Office, failed to discipline or prosecute known instances of wrongful and excessive use of force by officers under his direction and employ.

38.     Defendant WILLIAMS, as the Sheriff of Jacksonville Sheriff's Office, refused to adequately investigate complaints of previous incidents of wrongful and excessive use of force by officers under his direction and employ, and instead caused law enforcement personnel to believe such conduct is permissible.

39.     Defendant WILLIAMS, as the Sheriff of Jacksonville Sheriff's Office, established and maintained a system of review of complaints of excessive use of force by the Jacksonville Sherriff's Office law enforcement personnel and employees, which has failed to identify constitutional violations by those officers and employees and subject the offending employees and law enforcement personnel to discipline, close supervision, or restraining.  The failure was so pervasive as to become the *de facto* policy and custom of Defendant WILLIAMS, as the Sheriff of the Jacksonville Sheriff's Office, to tolerate the use of excessive force by law enforcement personnel under his direction and employ.

40.     The foregoing acts, omissions, and systematic deficiencies are policies and customs of Defendant WILLIAMS, as the Sheriff of the Jacksonville Sheriff's Office, and caused officers and employees under the employ and direction of Defendant WILLIAMS to be unaware or

11

alternatively unconcerned with the rules and laws governing permissible use of force and to believe such use of force is entirely within the discretion of the deputies and employees. Further, such use of force would not be honestly and properly investigated, all with the foreseeable result that officers and employees are more likely to use excessive force in situations where such force is neither necessary, reasonable nor legal.

41.    As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendant WILLIAMS, Plaintiff KEITH CROWDER suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, has lost earnings and his earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, KEITH CROWDER, will suffer like losses or impairments in the future.

WHEREFORE, Plaintiff KEITH CROWDER demands judgment for damages, including compensatory damages, all costs, interest and reasonable attorney's fees provided under the applicable law, against Defendant MIKE WILLIAMS as the Sheriff of the Jacksonville Sheriff's Office, and any other such relief this Honorable Court deems reasonable and just.

### COUNT II
### CLAIM AGAINST SERGE J. PAUL PURSUANT TO 42 U.S.C. § 1983

Plaintiff adopts and re-alleges Paragraphs 1 through 31 as if set forth fully herein, and further allege as follows:

12

42.    The actions of Defendant SERGE J. PAUL, including the excessive use of force and battery of Plaintiff KEITH CROWDER violated clearly established law, and violated the Constitutional rights of Plaintiff KEITH CROWDER including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, through the wrongful acts of using excessive force against Mr. Crowder and intentionally shooting him.

43.    The shooting of Plaintiff KEITH CROWDER was entirely unjustified by any of Mr. Crowder's actions, and constituted an unreasonable seizure and excessive use of force in an effort to intentionally acquire control over Mr. Crowder by Defendant SERGE J. PAUL, a government actor.

44.    The actions alleged above deprived Plaintiff KEITH CROWDER of clearly defined, established, and well-settled Constitutional rights of Plaintiff, specifically: (a) the freedom from the use of excessive and unreasonable force; (b) the freedom from unreasonable seizure; and (c) the freedom from deprivation of life and liberty without due process of law.

45.    Defendant SERGE J. PAUL acted recklessly, maliciously, or deliberately indifferent toward Plaintiff KEITH CROWDER when he deprived him of his Constitutional rights by shooting him multiple times.

13

46.    As a direct and proximate result of the aforementioned acts of Defendant SERGE J. PAUL Plaintiff KEITH CROWDER suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, has lost earnings and his ability has been significantly impaired.   These losses are either permanent or continuing in nature and Plaintiff, KEITH CROWDER, will suffer like losses or impairments in the future.

WHEREFORE, Plaintiff KEITH CROWDER demands judgment for damages, including compensatory damages, all costs, interest and reasonable attorney's fees provided under the applicable law, against Defendant SERGE J. PAUL and any other such relief this Honorable Court deems reasonable and just.

## COUNT III

### STATE LAW CLAIM OF NEGLIGENCE AGAINST SHERIFF MIKE WILLIAMS

Plaintiff adopts and re-alleges Paragraphs 1 through 31 as if set forth fully herein, and further allege as follows:

47.    At all times material and at the time of the aforementioned shooting incident, Defendant SERGE J. PAUL was an employee and uniformed law enforcement officer of the Jacksonville Sheriff's Office and was acting within the course and scope of his employment.

14

48.    As such, Defendant WILLIAMS, as Sheriff of the Jacksonville Sheriff's Office, is liable for the negligent actions of its employee, Defendant SERGE J. PAUL.

49.    On June 23, 2016, Defendant SERGE J. PAUL encountered Plaintiff KEITH CROWDER at 3100 West 32nd Street, Jacksonville, Florida. At said time, Plaintiff KEITH CROWDER exited his vehicle and raised his empty hands above his head. Defendant SERGE J. PAUL drew his service issued handgun from its holster, raised it in the direction of Plaintiff KEITH CROWDER, and fired two shots, both striking Mr. Crowder. While doing so, Defendant SERGE J. PAUL negligently misapplied his training as a law enforcement officer when he fired multiple shots at Plaintiff KEITH CROWDER without justification.

50.    At no point prior to and/or during this use of force did Defendant SERGE J. PAUL have any legal justification to use such force against Plaintiff KEITH CROWDER. Likewise, based upon information and belief, Defendant SERGE J. PAUL was not trained to use such force during said encounter.

51.    Defendant SERGE J. PAUL owed a duty to Plaintiff KEITH CROWDER to act as a reasonable law enforcement officer under the same or similar circumstances. A reasonable law enforcement officer under the same or similar circumstances would have applied his law enforcement training to the encounter and would have followed

15

established protocol and procedures.  The procedures include, but are not limited to, refraining from firing in an unsafe or unreasonable manner and to act as a reasonable law enforcement officer under same or similar circumstances.

52.    Defendant SEREGE J. PAUL breached the aforementioned duty in the following ways:

   a.    by failing to de-escalate the encounter;

   b.    by failing to make verbal commands;

   c.    by unreasonably firing his firearm in the direction of Plaintiff KEITH CROWDER;

   d.    by unreasonably firing his firearm when it was apparent that no forcible felony was being committed or life threatening situation existed;

53.    Defendant SERGE J. PAUL'S actions were negligent and were the direct and proximate cause of the injury of Plaintiff KEITH CROWDER. Plaintiff KEITH CROWDER suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, has lost earnings and his earning ability has been significantly impaired.   These losses are either permanent or continuing in nature and Plaintiff, KEITH CROWDER, will suffer like losses or impairments in the future.

WHEREFORE, Plaintiff KEITH CROWDER demands judgment for damages, including compensatory damages, all costs, interest and reasonable attorney's fees provided under the applicable law, against Defendant WILLIAMS and any other such relief this Honorable Court deems reasonable and just.

## COUNT IV
## STATE LAW CLAIM FOR BATTERY RESULTING IN SERIOUS BODILY INJURY AGAINST SERGE J. PAUL

Plaintiff adopts and re-alleges Paragraphs 1 through 31 as if fully set forth herein, and further alleges as follows:

54.     On or about June 23, 2016, Defendant SERGE J. PAUL, an employee and uniformed officer with the Jacksonville Sheriff's Office, committed a battery when he discharged his handgun to intentionally strike Plaintiff KEITH CROWDER.

55.     The aforementioned act of discharging this handgun at Plaintiff KEITH CROWDER was the intended act of Defendant SERGE J. PAUL and was carried out in bad faith and with malicious intent.

56.     As a direct and proximate result of the acts of Defendant SERGE J. PAUL, Plaintiff KEITH CROWDER was caused to become permanently injured. Plaintiff KEITH CROWDER suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, has lost earning and

17

his earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, KEITH CROWDER, will suffer like losses or impairments in the future.

WHEREFORE, Plaintiff KEITH CROWDER demands judgment for damages, including compensatory damages, all costs, interest and reasonable attorney's fees provided under the applicable law, against Defendant SERGE J. PAUL and any other such relief this Honorable Court deems reasonable and just.

**COUNT V**
**State law claim of battery resulting in serious bodily injury against Sheriff Mike Williams**

Plaintiff adopts and re-alleges Paragraphs 1 through 31 as if fully set forth herein, and further alleges as follows:

57.     On or about June 23, 2016, Defendant SERGE J. PAUL an employee and uniformed officer with the Jacksonville Sherriff's Office, committed a battery when he discharged his handgun to intentionally strike Plaintiff KEITH CROWDER.

58.     The aforementioned act of discharging his handgun at Plaintiff KEITH CROWDER was the intended act of Defendant SERGE J. PAUL and resulted in serious bodily injury of Plaintiff KEITH CROWDER.   By operation of Florida Statute § 768.28(9)(a), "The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional

18

officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."

59.   As a direct and proximate result of the acts of Defendant SERGE J. PAUL, Plaintiff KEITH CROWDER was caused to become permanently injured. Plaintiff KEITH CROWDER suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, has lost earning and his earning ability has been significantly impaired. These losses are either permanent or continuing in nature and Plaintiff, KEITH CROWDER, will suffer like losses or impairments in the future.

WHEREFORE, Plaintiff KEITH CROWDER demands judgment for damages, including compensatory damages, all costs, interest and reasonable attorney's fees provided under the applicable law, against Defendant WILLIAMS and any other such relief this Honorable Court deems reasonable and just.

<u>**COUNT VI**</u>
<u>**NEGLIGENT TRAINING AGAINST SHEREIFF MIKE WILLIAMS**</u>

Plaintiff adopts and re-alleges Paragraphs 1 through 31 as if fully set forth herein, and further alleges as follows:

60.     On or about June 23, 2016, Defendant SERGE J. PAUL, an employee and uniformed officer with the Jacksonville Sherriff's Office, discharged his handgun, intentionally striking Plaintiff KEITH CROWDER. At said time, Plaintiff KEITH CROWDER was not posing a threat to Defendant SERGE J. PAUL or any other officer or witness at the scene. Defendant SERGE J. PAUL's actions against Plaintiff KEITH CROWDER caused Plaintiff significant physical and mental injuries.

61.     At all times relevant herein Defendant SERGE J. PAUL was acting as a uniformed officer within the course and scope of his employment with the Jacksonville Sheriff's Office.

62.     Defendant WILLIAMS, in his official capacity as Sheriff of the Consolidated City of Jacksonville, Florida owed a duty to Plaintiff KEITH CROWDER to properly train the employees and uniformed Officers under his employ.

63.     Defendant WILLIAMS, breached this duty of care in the following ways.

a. By training Defendant SERGE J. PAUL to unreasonably use force on suspects including Plaintiff KEITH CROWDER.

b. By not training or supervising Defendant SERGE J. PAUL on reasonable uses of force on suspects, including Plaintiff KEITH CROWDER.

c. By not training Defendant SERGE J. PAUL to use reasonable force on suspects, including plaintiff KEITH CROWDER.

d. By not training officers, including defendant SERGE J. PAUL in de-escalation techniques.

64.    As a direct and proximate result of the aforementioned negligent acts of Defendant WILLIAMS, in his official capacity, Plaintiff KEITH CROWDER, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, and has lost earnings and her earning ability has been significantly impaired.  These losses are either permanent or continuing in nature and Plaintiff, KEITH CROWDER, will suffer like losses or impairments in the future.

WHEREFORE, Plaintiff KEITH CROWDER demands judgment for compensatory damages, all costs, and interests provided under the applicable law, against Defendant WILLIAMS and any other such relief this Honorable Court deems reasonable and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated this **19**th day of June, 2020.

                           **Law Office of John M. Phillips, LLC**

                           /s/ John M. Phillips

                           **JOHN M. PHILLIPS, ESQUIRE**

                           Florida Bar Number:  0477575

                           **KIRBY W. JOHNSON, ESQUIRE**

                           Florida Bar Number: 113323

                           212 North Laura Street

                           Jacksonville, FL 32202

                           (904) 444-4444

                           (904) 508-0683 (facsimile)

                           Attorneys for Plaintiff

                           jphillips@floridajustice.com

                           michele@floridajustice.com

                           Kirby@floridajustice.com