UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEITH CROWDER,

    Plaintiff,

v.                                         CASE NO. 3:20-cv-806-BJD-JBT

SHERIFF MIKE WILLIAMS, etc.,
et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Serge J. Paul's Motion to Compel Discovery Responses ("Motion") (Doc. 64) and Plaintiff's Response thereto ("Response") (Doc. 66). For the reasons stated herein, the Motion is due to be **GRANTED** and Plaintiff will be ordered to provide complete and adequate responses to Defendant Serge J. Paul's ("Defendant") Third Set of Interrogatories and Eighth Request to Produce **on or before January 26, 2023**. Further, **by that same date**, Plaintiff shall **SHOW CAUSE** in writing why he should not be ordered to pay Defendant's reasonable expenses, including attorney's fees, incurred in making the Motion.

      The Motion requests that the Court order Plaintiff to "provide complete, written answers to [Defendant's] Third Set of Interrogatories and to provide a written response to [Defendant's] Eighth Request to Produce." (Doc. 64 at 1; *see* Docs. 64-1 & 64-2.) In support, Defendant states that Plaintiff has not adequately

responded to the subject discovery requests.  (Doc. 64 at 3–4.)  In the Response, Plaintiff appears to argue generally that he has not provided adequate responses because he was unaware that written responses to Defendant's discovery requests were required. (*See* Doc. 66.)[1]

However, the Court gleans from the Motion and Response that Plaintiff has been informed regarding what he must respond to and what his responses must contain.  Defendant served Plaintiff via mail and email with the subject discovery requests.  (Doc. 64-3 at 3.)  Defendant's counsel sent a follow-up email to Plaintiff on October 27, 2022, informing him that the thirty-day response deadline had passed, and allowing him additional time, until November 10, 2022, to respond. (*Id.* at 2.)  On November 9, 2022, Plaintiff responded with a confusing email, and stated that: he had already been asked about his work history; he was generally confused about the discovery propounded; he did not have a home address; and he did not know where the car, which is the subject of Defendant's Eighth Request to Produce, was located.  (Doc. 64-4 at 2–3.)   Defendant's counsel responded to that email on November 18, 2022, stating that it was unclear whether Plaintiff's prior email was intended to be a response to the discovery requests, and informing Plaintiff that he must "answer [the questions contained in Defendant's Third Set of Interrogatories] in writing, under oath, and have them notarized."  (Doc. 64-4 at 2.)

---

[1] Plaintiff's handwritten Response is largely disorganized and confusing.  (*See* Doc. 66.)  However, the Court has considered it to the extent that it is helpful.

The Court agrees with Defendant that Plaintiff's November 9, 2022 email does not constitute an adequate response to the requested discovery. Additionally, the requested discovery is relevant to the parties' claims or defenses and is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Therefore, Plaintiff will be ordered to provide complete and adequate responses as follows: In responding to Defendant's Third Set of Interrogatories, Plaintiff must answer each interrogatory "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). As part of being "under oath," Plaintiff must sign his answers to the interrogatories and have his signature notarized. *See* Fed. R. Civ. P. 33(b)(5). Further, in responding to Defendant's Eighth Request to Produce, Plaintiff must respond in writing to the request. *See* Fed. R. Civ. P. 34(b)(2)(A). The response must state either that Plaintiff is permitting inspection of the vehicle, or that the vehicle is no longer in Plaintiff's possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B)–(C). Plaintiff must sign that response as well.

Additionally, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), when a motion to compel is granted:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good

3

>    faith to obtain the disclosure or discovery without court action;
>
>    (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>    (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Therefore, because Plaintiff's conduct necessitated the Motion, he will be directed to show cause in writing why he should not be ordered to pay Defendant's reasonable expenses, including attorney's fees, incurred in making the Motion.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 64**) is **GRANTED**.

2. **On or before January 26, 2023**, Plaintiff shall respond to Defendant's Third Set of Interrogatories and Eighth Request to Produce in compliance with this Order and all applicable rules and law. Plaintiff is cautioned that failure to comply with this Order may result in sanctions, including dismissal of this case, without further notice.

3. **By that same date**, Plaintiff shall **SHOW CAUSE** in writing why he should not be ordered to pay Defendant's reasonable expenses, including attorney's fees, incurred in making the Motion.

4. The Clerk is directed to update the docket to add the following mailing address for Plaintiff: 5846 Martin Luther King Drive, Jacksonville, Florida 32219.

The Clerk is further directed to send copies of this Order to Plaintiff via U.S. mail at both of his listed addresses and via email.

**DONE AND ORDERED** in Jacksonville, Florida, on January 5, 2023.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Plaintiff (via U.S. mail and email)
Counsel of Record