UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEITH CROWDER,

    Plaintiff,

v.                                          CASE NO. 3:20-cv-806-BJD-JBT

SHERIFF MIKE WILLIAMS, etc.,
et al.,

    Defendants.
_____/

## ORDER SANCTIONING PLAINTIFF

**THIS CAUSE** is before the Court on its outstanding Order to Show Cause ("OTSC") (Doc. 63) and Plaintiff's Response thereto ("Response") (Doc. 66). Plaintiff was ordered to "show cause by a written response filed on or before December 16, 2022, why this case should not be dismissed or other sanctions imposed, for Plaintiff's failure to comply with Court orders (Docs. 35, 60), and failure to prosecute pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and Local Rule 3.10, respectively." (Doc. 63 at 1.) Upon review, the Court determines that the Response is insufficient and that monetary sanctions are appropriate. Therefore, Plaintiff will be ordered to pay Defendants the sum of $2,000.00 incurred as no-show fees **no later than January 27, 2023**.

    As the Eleventh Circuit has stated:

> [O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for

>sanctions for misconduct and for failure to comply with court orders. If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant. Courts can assess costs and monetary sanctions against . . . litigants.

*Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

The OTSC concerns Plaintiff's failure to attend Court-ordered physical and vocational examinations. (*See* Docs. 35, 60 & 63.) In explaining why he failed to attend those examinations, Plaintiff professes "[he] didnt [sic] recall an exam" and represents that all of "the paperwork" that "they all gave [him]" referred to dates in 2023. (Doc. 66 at 2.) Assuming that Plaintiff is referring to the Unopposed Motions for Physical and Vocational Examinations (Docs. 58 & 59) or the Order granting these Motions (Doc. 60), it is clearly and prominently stated in both Motions and the Order that the physical examination was to occur on October 11, 2022 (Doc. 58 at 2; Doc. 60 at 2), and the vocational examination was to occur on November 7, 2022. (Doc. 58 at 2; Doc. 59 at 2; Doc. 60 at 2.)

Further, although Plaintiff claims that he "did not physical [sic] receive mail" (Doc. 66 at 2), the Motions certify that he was served copies thereof via first-class mail and email, and that he consented to the examinations. (Doc. 58 at 3–4; Doc. 59 at 3–4.) Also, the docket shows that he was mailed a copy of the Order granting the Motions. In short, Plaintiff's excuses are unconvincing.[1] Moreover, given

---

[1] The Court notes that Plaintiff has failed to attend Court-ordered examinations both while he was represented by counsel (*see* Docs. 37 & 40), and while he has been proceeding *pro se* as a result of his attorneys' withdrawal.

2

Plaintiff's timely response to the OTSC, it appears that he is capable of responding to Court orders and adhering to deadlines when he chooses to do so. Therefore, his failure to attend the examinations is inexcusable.

Because of Plaintiff's repeated failures to attend Court-ordered examinations, Defendants have incurred at least $2,000.00 in no-show fees from the doctor with whom the physical examinations were scheduled.[2] (*See* Doc. 61 at 2–4 & 6; Docs. 61-1 & 61-2.) Therefore, pursuant to Federal Rule of Civil Procedure 37(b)(2), Plaintiff will be ordered to pay Defendants the $2,000.00 in no-show fees incurred for Plaintiff's failure to attend the Court-ordered physical examinations. *See Moon*, 863 F.2d at 837.

Accordingly, it is **ORDERED**:

1. **No later than January 27, 2023**, Plaintiff shall pay Defendants the sum of $2,000.00. The Court cautions Plaintiff that failure to comply with this Order may result in further sanctions, including dismissal of this case without further notice.

2. Defendants must notify the Court **on or before February 10, 2023** whether Plaintiff has paid the required amount, and provide any further pertinent information.

---

[2] It is unclear whether any no-show fees have been incurred for Plaintiff's failure to attend the vocational examinations. (*See* Docs. 59 & 61.)

3. The Clerk is directed to send copies of this Order to Plaintiff via U.S. mail at both of his listed addresses and via email.

**DONE AND ORDERED** in Jacksonville, Florida, on January 6, 2023.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Plaintiff (via U.S. mail and email)
Counsel of Record